22-1298 (L)
*Andrews v. Hall*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-three.

PRESENT:
>   RICHARD J. SULLIVAN,
>   JOSEPH F. BIANCO,
>   MYRNA PÉREZ,
>       *Circuit Judges.*

JEFFREY ANDREWS,

>   *Plaintiff-Appellant*,     No. 22-1298(L),
>       No. 22-1299(Con),
>   v.     No. 22-1300(Con),
>       No. 22-1301(Con),

JUDGE JANET C. HALL, MAGISTRATE     No. 22-1302(Con),
JUDGE S. DAVE VATTI,     No. 22-1303(Con)

>   *Defendants-Appellees*.

**For Plaintiff-Appellant:** Jeffrey Andrews, pro se, Wallingford, CT.

**For Defendants-Appellees:** No appearance.

Appeal from judgments of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Jeffrey Andrews, proceeding pro se, challenges the district court's dismissals of six separate complaints that he brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because we conclude that Andrews's claims were barred by judicial immunity, we affirm the dismissals. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2022, Andrews filed six different actions against either District Judge Janet C. Hall or Magistrate Judge S. Dave Vatti (the "Judiciary Defendants"), alleging that they had violated his Fifth Amendment property rights and/or other

2

provisions of the Constitution by issuing preliminary injunctions and allowing the Environmental Protection Agency to inspect his land in connection with ongoing litigation under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*  In each of these six cases, the district court warned Andrews that his claims appeared to be barred by judicial immunity and ordered him to explain why they should not be dismissed as frivolous.  After Andrews responded, the district court dismissed each case with prejudice and denied Andrews's subsequent motions for reconsideration.  Andrews timely appealed, and we granted his motion to consolidate the six appeals.[1]

As an initial matter, we conclude that the district court did not procedurally err in dismissing Andrews's cases sua sponte.  District courts have inherent authority to dismiss an action as frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), although plaintiffs should

---

[1] We initially consolidated seven appeals, including *Andrews v. Hall*, No. 22-1308 (2d Cir. filed June 6, 2022).  That appeal, however, has already been dismissed on procedural grounds.  Accordingly, we address only the six appeals listed in the caption, though we note that we would affirm in No. 22-1308 for the same reasons contained herein.  Furthermore, shortly after the consolidated appeals were calendared, Andrews moved to consolidate another, more recently filed appeal:  *Andrews v. Vatti*, No. 22-2564 (2d Cir. filed Oct. 3, 2022).  That case, however, is unlike the already-consolidated appeals in both substance and procedural posture.  Accordingly, we deny Andrews's motion to consolidate.

generally be given "notice and an opportunity to be heard" in advance of a sua sponte dismissal, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). Here, the district court satisfied this requirement by warning Andrews that his claims were vulnerable to dismissal on the basis of judicial immunity and inviting his response.

Nor did the district court err substantively, even "under the more rigorous de[-]novo [standard of] review." *Fitzgerald*, 221 F.3d at 364 n.2. It is "well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Consequently, a judge is subject to suit only for (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Here, the only actions that Andrews specifically complains of – the issuing of a preliminary injunction and allowing the Environmental Protection Agency to inspect his land as part of discovery – are plainly judicial in nature. *See Bliven*, 579 F.3d at 210 ("[A]cts . . . related to[] individual cases before the judge are considered judicial in nature."). And

4

nowhere does Andrews plausibly suggest that the Judiciary Defendants rendered those decisions "in the complete absence of jurisdiction." *See Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005).

In his pro se appellate brief, which we "construe[] liberally and interpret[] to raise the strongest arguments that [it] suggest[s]," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted), Andrews contends that the Judiciary Defendants were not shielded by *qualified immunity* – a doctrine that is wholly distinct from judicial immunity – and disputes the merits and constitutionality of the Judiciary Defendants' actions. But neither of these arguments is relevant to whether judicial immunity shields the Judiciary Defendants. Thus, the district court correctly concluded that Andrews's request for money damages was barred by judicial immunity.[2]

We have considered all of Andrews's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court

---

[2] To the extent that Andrews sought injunctive relief, he failed to state a claim upon which such relief could be granted, as "[t]he only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("For people in Bivens'[s] shoes, it is damages or nothing." (citation omitted)).

on appeal in Nos. 22-1298, 22-1299, 22-1300, 22-1301, 22-1302, and 22-1303. As explained above, Andrews's pending motion to consolidate those appeals with No. 22-2564 is **DENIED**.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe, Clerk of Court